---
Davis *v.* Davis.
---

---

## DAVIS & a. *v.* DAVIS.

Where a writing has been given in terms creating a trust in land in favor of a married woman, the trustee is not required, in an answer to a bill in the name of the husband and wife, to state whether or not the writing was given by him for the separate benefit of the wife, and for the purpose of raising a trust for her sole and exclusive use, the writing itself being the proper evidence.

IN EQUITY. The bill states that, by an agreement between the plaintiffs, David Davis, and Sally W. Davis, his wife, in consideration of money of the wife, furnished him, David conveyed to the defendant, to hold in trust for his wife, a lot of land, called the Crockett lot, in Middleton, and that the defendant signed the following agreement:

"Received of Sally W. Davis a deed of a piece of land, at Middleton Corner, known by the name of the Crockett lot, which I promise to quitclaim to her, or her order, on demand, or pay her all the consideration on demand. ELEAZER DAVIS.
February 4, 1839."

The consideration named in the deed was $400.

The bill further states, that a demand of a conveyance was made upon the defendant by Sally W. Davis, the wife, and, upon his refusal, a demand of the $400.

The answer denies that the wife had any money, as stated in the bill, or that any such agreement as is there set forth was made between the plaintiffs; admits that a deed of the Crockett lot was made, as stated, and that it was recorded, but avers that the defendant had no knowledge of it till received, months afterwards, when the plaintiff, David Davis, so informed him, and at the same time presented a writing, in substance like that set out in the bill, and requested him to sign it, which he did, after having read and considered it, and on the same day delivered the writing to Sally W. Davis, to keep and to hold, as the consideration of the conveyance. That neither of the plaintiffs, then or at any other time, except by the bill, informed the defendant that the wife had ever paid the husband any thing for, or on account of the conveyance, or on account of the writing which the defendant signed, or that the plaintiffs had agreed, or that either of them supposed that the wife had, or should have any sole or separate property, right or interest in the land, or the defendant's contract in regard to it, or in the money secured by it.

The defendant further states, that he accepted the conveyance so made, and that the only consideration was the writing which he so signed, and that he never made any other agreement with the plaintiffs, or either of them, in relation to purchasing, paying for, holding or conveying the land, than as specified in the deed and writing.

He further answers that he had, as a surety of the plaintiff, David, been compelled to pay a sum of money, in July, 1842, by process of law, and claims to hold the Crockett lot for his indemnity, and admits the demand of the conveyance to have been made by the wife, as stated in the bill.

To this answer the plaintiffs excepted, as not setting forth whether the defendant received the deed to hold the land in trust, to be executed for the sole and separate use

and benefit of the plaintiff, the wife, or to pay her the sum of $400, named in the deed, and as a manifestation and proof of said declaration, and creation of said trust and confidence, signed by the writing set forth. Also, because the answer does not set forth when he signed the writing, to whom he delivered it, and for what purpose.

*Hobbs*, for the plaintiffs. The defendant has not answered fully. Hare on Discovery 247; Story's Eq. Pl. 465, n. 3; 1 Smith's Ch. Pr.; *Van Cortland* v. *Beekman*, 6 Paige 496.

The answer is argumentative, and does not contain positive averments responsive to the allegations of the bill. 1 Smith's Ch. Pr. 278; 2 Mad. Ch. 343; *Faulder* v. *Stewart*, 11 Ves. 296 (Sumner's Ed.), and notes.

*N. Eastman*, for the defendant.

GILCHRIST, J. This suit is brought to establish a trust, for the separate and sole benefit of the wife. The contract was made nominally with her, but as the law does not recognize any capacity in a married woman to make a contract, and gives to the husband the benefit of promises made to her, the plaintiffs have deemed it material to show that the defendant, in making the promise, knew that it was for her benefit upon the ground that the consideration proceeded from her, and intended it for her benefit, peculiarly and exclusively, although the force and effect of the writing itself would be otherwise, and would vest in the husband the ordinary and marital rights and interests over and in the contract.

The defendant meets the case set up by the plaintiffs by denying that any such consideration as the bill states ever proceeded from the wife, and denying that either of the plaintiffs, except by the bill, ever informed him of such equity.

Then, as to having delivered to the wife the writing containing the promise to convey the land to her, or to pay her $400, named as the consideration, he says that he delivered it as the only consideration he ever gave for the conveyance of the farm which he had received from the husband, and at his request, and for the wife to hold as the consideration of the conveyance; that neither of the plaintiffs ever informed him that they had agreed among themselves, or that they expected that the wife was to have a sole and exclusive interest in the contract, or that the land to be conveyed, or the money to be paid in pursuance of its terms, was to be for her separate use.

The exception which the plaintiffs take is, that the answer does not state whether the defendant received the conveyance of the land in trust for her separate use, and delivered the writing as evidence or in manifestation of such trust.

It is difficult for the answer of the defendant to be more explicit and full than he has actually made it, unless we require him to state what his particular views and opinions, as to the legal effect of the writing were, at the time he executed it; or, in other words, to what particular act or duty his intention was to bind himself, and what particular right he intended to establish in another party, when he executed and delivered the writing.

The answer is full as to what was done, and likewise so far as to deny any notice that the plaintiffs expected or intended any other consequences to follow from the transaction than the ordinary legal consequences. It cannot be material that he should confess what he himself judged, at the time, that those legal results would be; because we think that he would be no more bound by an opinion that he might then have formed, adverse to his present interests, supposing him to have formed one, than he could be permitted to avail himself of one which he should have formed to an opposite effect.

The plaintiffs may establish a trust by implication of law; but, unless they can do this, they must lay hold of some writing for that purpose, and abide by its terms.

We think the answer is, in the particulars excepted to, sufficient.

*Exceptions overruled.*